UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
17-mc-41

GENE DIMSDALE,

    PLAINTIFF,

v.                                             ORDER

UNITED STATES OF AMERICA

    DEFENDANT.

THIS MATTER has come before the undersigned, pursuant to a Verified Petition to Preserve Gene Dimsdale's Testimony(#1) filed by counsel for Plaintiff, pursuant to Rule 17(a) of the Federal Rules of Civil Procedure. In the Petition, counsel describes that Plaintiff expects to be a party, either personally, or though his duly qualified Administrator or Executor, in an action against the United States and seeks to preserve the Plaintiff's testimony by way of deposition for use in the potential action. Rule 27(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> **Rule 27. Depositions to Perpetuate Testimony**
> **(a)**     **Before an Action Is Filed.**
>
> **(1)**     **Petition.** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to

depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

   **(A)**   that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
   **(B)**   the subject matter of the expected action and the petitioner's interest;
   **(C)**   the facts that the petitioner wants to establish by the proposed testimony and the reasons too perpetuate it;
   **(D)**   the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
   **(E)**   the name, address, and expected substance of the testimony of each deponent.

The facts that the Plaintiff wishes to establish by his proposed testimony are described in the Petition (#1). The Plaintiff was treated on November 28, 2014 at the Charles George Veterans Administration Hospital for injuries relating to a dog bite. At that time, a chest x-ray of Plaintiff was taken that showed a potential malignancy. The Plaintiff was not advised of the result of the x-ray or of the malignancy.

On December 14, 2016 the Plaintiff again went to the Charles George Veterans Administration Hospital for treatment related to a cough. A chest x-ray was again taken of Plaintiff and a comparison was made of the chest x-ray of December 14, 2016 with that of one taken on November 28, 2014. The comparison showed a pulmonary malignancy or cancer. On December 14, 2016, the Risk Manager and Administrator of the Charles George Veterans Administration Hospital,

advised the Plaintiff of the failure to report the results of the November 28, 2014 x-ray, and presented to the Plaintiff a Form 95 which is a form to present a Federal Tort Claim action and claim against the United States.

Within the last two months, the Plaintiff has lost over 40 pounds.  The Plaintiff's health status is very poor and his prognosis as to his death from cancer is uncertain.  There is thus a reason to establish his proposed testimony and perpetuate it so the testimony may be used in either his tort claim or personal injury action against the United States or in any potential wrongful death action of his estate.  If his deposition is not taken, his testimony and establishment of his claim may be lost.

The Petition further describes that the Plaintiff cannot bring or present a complaint or tort claim at this time because he has not been able as of yet to obtain a certification of an expert medical witness and has further not had sufficient time to file his Administrative Tort Claim and potential civil claim, pursuant to the Federal Tort Claims Act, against the United States.

The subject matter of the expected action of the Plaintiff or his estate will be either a claim for personal injury and damages arising out of professional negligence or a claim for wrongful death arising out of professional negligence.   The substance of the facts that the Plaintiff wishes to establish by his proposed testimony would be those related to his treatment at the Charles George Veterans Administration Hospital in November of 2014 and December of 2016.  Further

evidence would be the fact that he was never advised of the result of the 2014 x-ray until December of 2016. He further wishes to establish his testimony concerning his conversations with the Risk Manager and Administrator of the Charles George Veterans Administration Hospital. Other testimony would relate to his medical expenses, loss of earnings, pain and suffering, scarring or disfigurement, partial loss of a part of the body and permanent injury. In addition, the Plaintiff would be expected to offer testimony concerning his relationship between himself and his heirs-at-law and the losses and meaning thereof in the eventuality of his death and other damages that could result as a result of the Plaintiff's death.

The adverse party in this matter would be the United States. In this matter, the United States will be represented by Mr. Gill Beck, Assistant United States Attorney for the Western District of North Carolina. Mr. Beck has consented to the entry of an order allowing the Petition (#1) so the testimony of the Plaintiff can be perpetuated. The name and address of the proposed deponent or witness is Mr. Gene Sylvester Dimsdale, 2701 Houston Road, Columbus, NC 28722.

Rule 27(a)(2) of the Federal Rules of Civil Procedure provides for notice and service of the Petition. In this case, the Petition has been served upon Mr. Beck, who is an attorney for the Government. Mr. Beck has consented to the Petition (#1) and as a result of the foregoing, the Court finds that appropriate service has been made upon the United States based upon the consent of Mr. Beck, and that Mr. Beck

has in fact accepted service.  As a result of the acceptance of service and consent of Mr. Beck, the twenty-one day period of notice set forth in Rule 27(a)(2) is unnecessary.  Appropriate service has been accomplished.

The undersigned further finds that perpetuating the testimony of the Plaintiff may prevent a failure or delay of justice and will issue an Order with the consent of Defendant allowing the Petition (#1).

Mr. Warren, counsel for Plaintiff and Mr. Beck, Assistant United States Attorney are both well-known practitioners in this Court.  The Court commends the action of both attorneys in this matter.  Their actions are in the highest traditions of fairness and justice of the Bar that appear before this Court.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Verified Petition to Preserve Gene Dimsdale's Testimony (#1) is **ALLOWED** and the testimony of Gene Sylvester Dimsdale of 2701 Houston Road, Columbus, NC 28722 is hereby **ORDERED** to be taken on or before **September 1, 2017** at a time and place to be agreed upon by counsel for the Plaintiff and counsel for the Defendant.  The deposition is to be taken orally and by use of a video recording system as agreed upon by counsel for the Plaintiff and Defendant.

The subject matter of the deposition will be to perpetuate the testimony of Mr. Dimsdale regarding his treatment at the Charles George Veterans Administration

Hospital on November 28, 2014 and December 14, 2016 and his conversations with the Risk Manager and Administrator of the Charles George Veterans Administration Hospital on or after December 14, 2016.  Mr. Dimsdale will also be allowed to testify regarding medical expenses, loss of earnings, pain and suffering, scarring or disfigurement, partial loss of part of the body, and permanent injury and any other matter relevant to his claims for personal injury and damages arising out of professional negligence or a potential claim by his estate for Mr. Dimsdale's wrongful death.

It is further ORDERED that this deposition may be used to perpetuate the testimony of Mr. Dimsdale under Rule 32(a) of the Federal Rules of Civil Procedure in any later filed District Court action involving the same subject matter as set forth in this Order.

Signed: August 18, 2017

Dennis L. Howell
United States Magistrate Judge